NOT DESIGNATED FOR PUBLICATION

No. 122,134

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEROMY HARTZELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; STEVEN L. HORNBAKER, judge. Opinion filed December 11, 2020. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Tony Cruz*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., ATCHESON, J., and BURGESS, S.J.

Per Curiam:  Jeromy Hartzell pled no contest to possession of methamphetamine with intent to distribute in violation of K.S.A. 2018 Supp. 21-5705(a)(1). Under the terms of the plea agreement, Hartzell was permitted to file a motion for both a dispositional and durational departure from the presumptive sentence. At sentencing, the district court granted a downward durational departure but denied a dispositional departure. Hartzell appeals the denial of a dispositional departure, contending the district court abused its discretion. Finding no error, we affirm the judgment and sentence.

1

FACTUAL AND PROCEDURAL BACKGROUND

In September 2018, Hartzell was charged with possession of methamphetamine with intent to distribute in violation of K.S.A. 2018 Supp. 21-5705(a)(1), possession of a controlled substance with no drug tax stamp in violation of K.S.A. 79-5204(a) and K.S.A. 79-5208, and possession of drug paraphernalia in violation of K.S.A. 2018 Supp. 21-5709(b)(1).

In August 2019, Hartzell entered into a plea agreement with the State. Under the terms of the agreement, Hartzell pled no contest to possession of methamphetamine with intent to distribute. In exchange for the plea, the State dismissed the remaining drug charges and agreed that Hartzell could file a motion and argue for both a dispositional and durational departure.

Of note, after his initial arrest on these charges, Hartzell pled no contest to the additional charge of aggravated failure to appear due to his failure to attend the preliminary hearing in this case.

Prior to the sentencing hearing on the charge of possession of methamphetamine with intent to distribute, Hartzell filed a motion for a departure sentence. In the motion, Hartzell argued that community supervision would serve society's interest better than imprisonment because he could participate in mental health counseling and other treatment. Moreover, Hartzell argued that he was a nonviolent offender and that prison should be reserved for violent offenders. In support, Hartzell highlighted that his last conviction for a violent crime was in 2007. Finally, he noted the passage of time between the current conviction and his last conviction for a nontraffic related offense in 2007 indicated that he was not a habitual criminal. According to Hartzell, these facts constituted substantial and compelling reasons for the district court to order a departure sentence.

2

At the sentencing hearing, Hartzell agreed that he had a criminal history score of E. The State argued that Hartzell should be sentenced to the presumptive sentence of 59 months' imprisonment and he should not be given a dispositional departure to probation. In support, the State pointed to Hartzell's 24 prior convictions, a previously unsuccessful probation term, and the escalating nature of his crimes. The State also mentioned Hartzell's failure to appear while this case was pending.

At sentencing, Hartzell argued for both a dispositional and durational departure sentence. He claimed that he became addicted to methamphetamine and was only selling to support his own habit. He believed that treatment was the best way to address his underlying addiction and claimed that he had actively participated in nearly all treatment programs available to him while he was incarcerated during the pendency of this case. Hartzell noted that he had completed an alcohol and drug education class and another class at Cloud County College Adult Education. He pointed out that he had obtained a job and that probation would allow him to be with his two-month old son. Hartzell's daughter also testified at the sentencing hearing about Hartzell's recent addiction to methamphetamine and her belief that he could be rehabilitated.

The district court granted Hartzell a durational departure sentence from 59 months' imprisonment to 36 months' imprisonment but found no substantial and compelling reason to grant Hartzell's motion for a dispositional departure to probation. In particular, the district court cited the addictive nature of methamphetamine and the societal harm that results from people selling and using the drug.

Hartzell appeals.

ANALYSIS

On appeal, Hartzell contends the district court abused its discretion when it denied his motion for a dispositional departure.

Appellate courts review a district court's decision to deny a departure motion under an abuse of discretion standard, "measuring whether the departure is consistent with the purposes of the guidelines and proportionate to the crime severity and the defendant's criminal history." *State v. Spencer*, 291 Kan. 796, 807-08, 248 P.3d 256 (2011). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018) As the party asserting the district court abused its discretion, Hartzell bears the burden of establishing an abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Under K.S.A. 2019 Supp. 21-6815(a), "the sentencing judge shall impose the presumptive sentence provided by the sentencing guidelines unless the judge finds substantial and compelling reasons to impose a departure sentence." "Substantial" means something real, not imagined; something with substance, not ephemeral. "Compelling" means that the court is forced, by the facts of the case, to leave the status quo or go what is beyond ordinary. *State v. Reed*, 302 Kan. 227, 250, 352 P.3d 530 (2015).

On appeal, Hartzell reprises the arguments that he made to the district court. He claims that his nonviolent nature, motivation to obtain community-based counseling and treatment, and the societal interests served by reserving prison for the most violent offenders established substantial and compelling reasons to justify a dispositional departure.

Hartzell does not argue that the district court rejected or failed to consider these reasons. In fact, during the sentencing hearing, the district court discussed how Hartzell's criminal history score, lack of prior person felonies and violent acts, and the fact that Hartzell was trying to help himself through treatment programs while incarcerated figured into its decision to grant a durational departure but not a dispositional departure. Hartzell is essentially asking our court to assess the record independently and come to the opposite conclusion of the district court, rather than focusing on whether the district court abused its discretion. This is beyond our standard of review.

In summary, Hartzell fails to show that no reasonable person could have reached the same conclusion as the district court and, as a result, we find the district court did not abuse its discretion when it rejected Hartzell's request for a dispositional departure sentence. Accordingly, we affirm the district court's judgment and sentence.

Affirmed.